Contracts; interpretation; fixed-price research and development contract; performance specifications; impossibility of performance. — Plaintiff seeks to recover expenditures allegedly incurred in performing its negotiated fixed-price research and development contract with defendant to design and construct service test models as an improvement upon an earlier experimental radiacmeter, particularly in the area of crystal deficiency at low frequency range. Defendant discussed the problem with prospective bidders and displayed the earlier radiacmeter and related reports. As a result of the conference, the contract specifications were changed to call, inter alia, for a scintillation crystal detector and prospective bidders were so notified. After contract award, plaintiff experienced difficulty in furnishing a device complying with specifications, but finally developed and delivered a satisfactory device using a phosphorescent material in combination with a scintillation crystal as the meter’s detector. The contracting officer denied plaintiff’s request for an equitable adjustment to cover research and development work allegedly necessary in order to produce the radiaos to the contract specifications, and on subsequent appeal the administrative board also denied plaintiff’s request for an equitable adjustment on the theory of constructive change. Plaintiff contends that the board erred in (1) not finding that the contract merely called for a production program, (2) its finding that the contract was not impossible to perform, (3) not finding that plaintiff was entitled to an equitable adjustment, and (4) not holding that plaintiff had been deprived of due process *1099 because the board’s decision was not written by the member who presided at the hearing. In a recommended decision filed April 23,1973, Trial Judge Joseph V. Colaianni concluded that much more than a mere production program was contemplated by the parties at the time the contract was entered into, and indeed, that the Government stressed that a research and development effort would be required in order for plaintiff to build the radiacs to the essentially performance-type specification of the contract; that the contract was not impossible to perform — the parties knew that it would be necessary to develop a device that used the scintillation crystal technique, plus whatever else would be necessary to meet the contract’s performance requirements and since plaintiff was able to come up with a phosphorescent material to compensate for the poor results of the scintillation crystal at the low energy levels, plaintiff performed the task defendant wanted it to; that plaintiff’s contention that a cardinal change occurred is unsupported by the record; and that failure of the presiding member of the board to write the board’s decision does not deprive plaintiff of due process. This case came before the court on defendant’s motion requesting the court to adopt the Trial Judge’s recommended decision, on the parties’ cross-motions for summary judgment. Upon consideration thereof and without oral argument, the court adopted the recommended decision as the basis for its judgment in this case. On June 29,1973, by order, the court denied plaintiff’s motion for summary judgment, granted defendant’s cross-motion and dismissed the petition.